# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:
NEW SALEM MISSIONARY BAPTIST　　　　Case No. 8:12-bk-10438-KRM
CHURCH OF TAMPA, INC.,　　　　　　　　Chapter 11
　　　　　　　Debtor.
_____/

## MOTION TO DISMISS BY UNITED STATES TRUSTEE

Donald F. Walton, the United States Trustee for Region 21, by and through the undersigned counsel, pursuant to 11 U.S.C. § 1112(b) requests that the Court enters an order dismissing the above-styled case based on the Debtor's failure to file monthly operating reports, failure to pay quarterly fees, and failure to correct deficiencies in the filed monthly operating reports.   In support of the motion, the United States Trustee states:

### Background

1.　　On July 6, 2012, the New Salem Missionary Baptist Church of Tampa, Inc. (the "Debtor") filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

### Reasons for Dismissal[1]

2.　　The Debtor has not filed monthly operating reports for September 2012 and October 2012 (which were due October 21st and November 21st, respectively).   The Debtor's November 2012 monthly operating report will come due on December 21, 2012.

---

[1] The United States Trustee seeks dismissal only based on 11 U.S.C. § 1112(c), which states: "The Court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.   This Debtor is a Florida non-profit corporation.

3.  The Debtor has not paid quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) for the third quarter of 2012 (which was due October 30th), in the estimated amount of $975.

4.  The United States Trustee has reviewed the Debtor's filed monthly operating reports for July 2012 and August 2012, and has contacted Debtor's attorney regarding various issues relating to the filed reports, namely:

- The Debtor should have reported on six (6) bank accounts (at SunTrust Bank and PNC Bank) in its July and August reports, but they only reported on one bank account (a pre-petition non-debtor-in-possession account);
- The Debtor never provided the proof of closing two prepetition accounts at SunTrust Bank;
- The Debtor does not keep an accurate running cash balance because beginning and ending cash are always a round number of $100;
- The monthly operating reports are not signed by an individual;
- Monthly operating reports do not contain adequate information to support the amount of funds that the Debtor is receiving; and
- The monthly operating reports contain incomplete disbursements registers, which do not provide sufficient support for the debtor expenses.

    5.    Dismissal or conversion of chapter 11 cases is governed by 11 U.S.C. § 1112(b).  Section 1112(b) was substantially amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  The amended section 1112(b) states in relevant part as follows:

> (1) Except as provided in paragraph (2) of this subsection . . ., on request of a party in interest, . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not [sic] in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--
>> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title . . .; and
>> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
> (4) For purposes of this subsection, the term 'cause' includes--
>> (C) *failure to maintain appropriate insurance that poses a risk to the estate or to the public*;
>>
>> . . . .
>> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>>
>> . . . .
>> (H) failure timely to provide information . . . reasonably requested by the United States trustee[.]
>
> 11 U.S.C. § 1112(b) (2010) (emphasis added).

6.      Section 1112(b) now mandates, with limited exceptions, that the court convert or dismiss a chapter 11 case where any of the acts or omissions listed in section 1112(b)(4), or other cause, exists.   This mandate to convert or dismiss in new section 1112(b) is a substantial departure from the former law, which left dismissal or conversion in the court's discretion. *See In re TCR of Denver*, LLC, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it "shall" dismiss or convert a case under Chapter 11 if the elements for "cause" are shown under 11 U.S.C. § 1112(b)(4)").   There are only two exceptions to mandatory conversion or dismissal in the new section.   The first is found in section 1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court."   The second exception is found in section 1112(b)(2), which excepts a case from dismissal or conversion where (a) "reasonable justification" exists for the deficiencies in the case, (b) those deficiencies "will be cured within a reasonable period of time," and (c) there is a reasonable likelihood that the debtor will confirm a plan.   However, this second exception is inapplicable if cause exists under section 1112(b)(4)(A) (substantial or continuing loss to the estate).

7.      In this case, the Debtor's failure to file the monthly operating reports, failure to pay quarterly fees, and failure to correct the deficiencies in the filed monthly operating reports constitute cause for dismissal.

WHEREFORE, the United States Trustee moves this Court to dismiss or convert this case, and grant such other and further relief that the Court may deem appropriate.

Dated:   December 11, 2012.

    Respectfully submitted,

    DONALD F. WALTON
    United States Trustee for Region 21

    By:   */s/ Denise E. Barnett*
    Denise E. Barnett, Trial Attorney
    Florida Bar No. 0090610
    501 East Polk Street, Suite 1200
    Tampa, Florida   33602
    (813)228-2000
    (813) 228-2303 facsimile
    denise.barnett@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **United States Trustee's Motion to Dismiss Case** has been served electronically by CM/ECF transmission and/or by regular United States Mail to the parties listed below on or before the **11th** day of **March 2012**:

New Salem Missionary Baptist Church of Tampa, Inc.
405 North Oregon Avenue
Tampa, FL 33606

Sheila D. Norman, Esq.
Norman and Bullington, P.A.
1905 West Kennedy Boulevard
Tampa, FL 33606
sheila@normanandbullington.com

*/s/ Denise E. Barnett*
Attorney